Rhonda Fennell v. Commissioner.
Fennell v. Commissioner
Docket No. 42403.
United States Tax Court
1953 Tax Ct. Memo LEXIS 264; 12 T.C.M. (CCH) 489; T.C.M. (RIA) 53156; May 4, 1953
*264 Held that petitioner is not liable for any deficiency in her income tax return for the calendar year 1950, respondent having consented to the entry of an order of no deficiency. Fred F. Fennell, Esq., for the petitioner. Frederick T. Carney, Esq., for the respondent. BRUCE Memorandum Findings of Fact and Opinion BRUCE, Judge: This proceeding involves a deficiency in income tax in the amount of $60.90 asserted by the respondent for the calendar year 1950. The issue is whether petitioner is entitled to deduct from her gross income for the year involved expenses incurred in attending summer school during that year, under section 23 (a) (1) (A) of the Internal Revenue Code. The evidence consists of oral testimony and exhibits received at the hearing. Findings of Fact The petitioner resides at Blaine, Tennessee and filed her in come tax return for the calendar year 1950 with the collector of internal revenue at Nashville, Tennessee. Petitioner has been employed as librarian at Hall's High School, Knox County, Tennessee since September 1947. From 1947 through and including the school year 1949-1950 the average daily attendance at Hall's *265 High School was less than 300. A school census taken in Knox County during the spring of 1950 indicated an enrollment at Hall's High School for the school year 1950-1951 would approximate 350 pupils. The average daily attendance at Hall's High School for the year 1950-1951 was 322. Under the rules and regulations of the State Board of Education, a librarian for a school having an average daily attendance of 300 was required to have the same educational background as teachers, including 18 quarter-hours of library science, and in schools having an average daily attendance of more than 300 a librarian was required to have the same educational background as teachers, including 45 quarter-hours of library science in a school approved by the State Board of Education. At the time petitioner was first employed in September 1947 she held a certificate to teach in the public schools of Tennessee and in addition thereto 18 quarter-hours of library science acquired at the University of Tennessee. For the purpose of acquiring additional credits in library science necessary to enable her to retain her position as librarian at Hall's High School in anticipation of the increased enrollment indicated *266 for the school year 1950-1951, petitioner attended summer school during the summer of 1950 and reported her expenses in the amount of $350 in her income tax return for the calendar year 1950. Opinion The respondent, in lieu of filing a brief, has advised the Court that "he consents to the entry of an order of no deficiency, after review of the evidence as established by the hearing." Accordingly, Decision will be entered for the petitioner.